**Isaac HILLIARD, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 3967.**

United States District Court
W. D. Kentucky,
at Louisville.

July 14, 1961.

John A. Fulton, Woodward, Hobson & Fulton, Louisville, Ky., for plaintiff.

William B. Jones, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

There is no dispute concerning the facts in this case. Briefly, the facts are that the taxpayer, Isaac Hilliard, in the taxable year 1957 maintained a home near Louisville, Kentucky, in which his daughter Helen Hilliard Burnam and her husband, Baldwin Burnam, made their home until the death of Baldwin Burnam, which occurred May 4, 1957. Helen Burnam continued to live in her father's home and remained unmarried. For the taxable year ending December 31, 1957, she filed a joint federal income tax return for herself and her deceased husband. Her father Isaac Hilliard, filed a federal income tax return in which he claimed the status of "head of a household" under Section 1(b) (2) of the 1954 Internal Revenue Code, 26 U.S.C.A. § 1(b) (2), on the ground that during the taxable year 1957 he maintained a home for an unmarried daughter. The Commissioner of Internal Revenue recomputed Hilliard's tax, rejecting the claimed status of "head of a household" and assessed resulting additional taxes. The taxpayer paid the assessment and brought this suit after a timely claim for refund was rejected.

Section 1(b) (2) imposes a tax on the taxable income on the heads of households and defines the "head of a household" as an individual who is unmarried at the close of his taxable year, and is not a surviving spouse, and maintains a household which constitutes "the principal place of abode as a member of such household, of * * * a daughter." But, it is provided that, if such daughter is married at the close of the taxpayer's taxable year, the relationship to the taxpayer must be such that the taxpayer is entitled to a deduction for the taxable year for such person under Section 151 of the Revenue Code, 26 U.S.C.A. § 151.

The pertinent portion of Section 151 is Subsection (e) (2), 26 U.S.C.A. § 151(e) (2), which provides that no exemption shall be allowed under this subsection for any dependent who has made a joint return with his spouse under Section 6013, 26 U.S.C.A. § 6013, for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

Baldwin Burnam's death occurred May 4, 1957, and Helen Burnam filed a joint return, being authorized to file such by Section 143, 26 U.S.C.A. § 143, which determines the marital status of an individual as of the close of the taxable year, except that if the spouse dies during

his taxable year such determination shall be made as of the time of such death.

The death of Helen Burnam's husband qualified her to make the joint return but she could not, in turn, qualify her father as the "head of a household" for that particular year.

A judgment dismissing the complaint will be submitted by counsel for the defendant upon notice to plaintiff in accordance with the local rules of this Court.